# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **HOWARD D. TRAVIS,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | **Case No. 2:19-cv-00739-RJS-JCB** |
| **UNITED STATES OF AMERICA, et al.,** | **Chief District Judge Robert J. Shelby** |
| Defendants. | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(b)(1)(B), Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner for whom Magistrate Judge Jared C. Bennett has taken over due to Judge Warner's retirement.[1]

Plaintiff's complaint in this action was filed on October 4, 2019.[2] Pursuant to Fed. R. Civ. P. 4(m), service of a summons and complaint must be completed within 90 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m). As of April 22, 2020, more than 90 days had passed since the filing of Plaintiff's complaint, and Plaintiff had not provided the court with the requisite proof of service to demonstrate that the summons and complaint have been served on the Defendants named in the complaint. *See* Fed. R. Civ. P. 4(*l*). Accordingly, the court issued an order to show cause on that date requiring Plaintiff to show cause why this action should not

---

[1] *See* ECF nos. 2, 8.

[2] *See* ECF no. 1.

be dismissed.[3]  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); DUCivR 41-2 ("The court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution.").  Plaintiff was ordered to file a response to the order to show cause on or before May 22, 2020, to inform the court of the status of this action and his intentions to proceed.  Plaintiff was warned that his failure to do so could result in dismissal of this action.  *See* Fed. R. Civ. P. 4(m); DUCivR 41-2 ("If good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper.").

On May 21, 2020, Plaintiff filed a document entitled, "Motion to Show Cause."[4]  In that filing, which is confusing and difficult to decipher, Plaintiff includes various arguments and requests; however, he fails to provide any explanation concerning his failure to serve his complaint on the named Defendants in a timely fashion.  As such, Plaintiff has failed to make any attempt to demonstrate good cause to extend the service period under Fed. R. Civ. P. 4(m).  He has also failed to provide any indication of his intentions to prosecute this action.

Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE based upon Plaintiff's (1) failure to serve the named Defendants in a

---

[3] *See* ECF no. 6.

[4] ECF no. 7.

timely fashion and to demonstrate good cause for that failure, *see* Fed. R. Civ. P. 4(m), and (2) failure to prosecute this action, *see* DUCivR 41-2.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED June 3, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge