IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HOWARD D. TRAVIS,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00739<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett pursuant to 28 U.S.C.

§ 636(b)(1)(B).  Before the court is Judge Bennett's Report and Recommendation (the Report),

in which Judge Bennett recommended this action be dismissed without prejudice based upon

Plaintiff Howard Travis's failure to effect service on Defendants and failure to prosecute this

action.[1]  Plaintiff timely filed an Objection to the Report.[2]  For the reasons explained below, the

court modifies the Report to grant Plaintiff sixty (60) days to effect service upon Defendants in

compliance with Federal Rule of Civil Procedure 4.

## BACKGROUND

On October 4, 2019, Plaintiff filed a Complaint against Defendants.[3]  On October 31,

2019, Plaintiff filed a Motion to Amend Complaint,[4] which Plaintiff later withdrew on March 6,

2020.[5]

---

[1] Dkt. 9.

[2] Dkt. 10.

[3] Dkt. 1.

[4] Dkt. 3.

[5] Dkt. 4.

On April 22, 2020, this court issued an Order to Show Cause, in which the court ordered Plaintiff to show cause why this action should not be dismissed for failure to effect service and failure to prosecute.[6]  In that Order, the court explained that Federal Rule of Civil Procedure 4(m) requires Plaintiff to effect service on Defendants within ninety (90) days after filing his Complaint and that failure to do so may result in dismissal of this action without prejudice.[7]  The court also required that Plaintiff "inform the court of the status of this action and his intentions to proceed."[8]  The court explained that failure to do so may result in dismissal of this action pursuant to Local Rule 41-2.[9]

Plaintiff responded to the Order to Show Cause on May 21, 2020.[10]  Plaintiff's Response did not address the issues identified in the Order to Show Cause.[11]  On June 3, 2020, Judge Bennett issued the Report, recommending this action be dismissed without prejudice based on Plaintiff's "(1) failure to serve the named Defendants in a timely fashion and to demonstrate good cause for that failure . . . and (2) failure to prosecute this action."[12]  On June 15, 2020, Plaintiff timely filed an Objection to the Report.[13]

---

[6] Dkt. 6.

[7] Dkt. 6 at 1–2.

[8] Dkt. 6 at 2.

[9] Dkt. 6 at 2.

[10] Dkt. 7.

[11] *See* dkt. 7.  Instead of addressing the issues raised in the Order to Show Cause, Plaintiff's Response appears to consist primarily of argument relating to the merits of his claim.

[12] Dkt. 9 at 2–3.

[13] Dkt. 10.

## LEGAL STANDARD

Plaintiff is a *pro se* litigant.  *Pro se* litigants are held to less stringent standards than parties formally represented by lawyers.[14]  Accordingly, documents filed *pro se* are "to be liberally construed."[15]  A litigant's *pro se* status, however, "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[16]  Furthermore, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[17]  The court will employ this standard when reviewing Plaintiff's filings.

Under Rule 72(b)(3), when a party files an objection to a magistrate's recommended disposition, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[18]  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[19]

## ANALYSIS

Plaintiff's Objection is captioned "Objection to Report and Recommendation: Proof of Service."[20]  In the Objection, Plaintiff states, "[t]he following documentation is for proof of service to Defendants and interested parties."[21]  Plaintiff then attaches photocopies of certified mail receipts showing that mail was sent to Defendants on various dates.[22]

---

[14] *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[15] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotation marks omitted).

[16] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] Fed. R. Civ. P. 72(b)(3).

[19] *Id.*

[20] Dkt. 10 at 1.

[21] Dkt. 10 at 2.

[22] Dkt. 10 at 3–5.

Construed liberally, the court understands Plaintiff's Objection to be directed to the part of the Report recommending this action should be dismissed because Plaintiff failed to timely serve Defendants.  Thus, the court will review that portion of the Report *de novo*.

Plaintiff's Objection contains photocopies of certified mail receipts showing mail sent to various Defendants on October 9, 2013,[23] March 3, 2020,[24] and May 20, 2020.[25]  But the certified mail receipts do not show that Plaintiff timely served Defendants in compliance with Rule 4.[26]

Rule 4(c) requires that a summons be served with a copy of the complaint.  Further, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."[27] The court's review of the docket indicates that no summons has been issued as to any Defendant in this case.  Thus, Plaintiff has failed to comply with Rule 4(c) and Rule 4(m).

Additionally, Plaintiff has failed to comply with Rule 4(l), which requires that proof of service be made to the court by affidavit.  The court's review of the docket reveals that no proof of service has been filed in this case.  Unless service is waived, proof of service must be made by affidavit by the person who served the defendant.[28]  Rule 4(c) provides the rules concerning who may serve a defendant.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that

---

[23] Dkt. 10 at 5.

[24] Dkt. 10 at 4.

[25] Dkt. 10 at 3.

[26] Indeed, it is impossible to tell from the certified mail receipts exactly what was sent to Defendants.

[27] Fed. R. Civ. P. 4(c).

[28] Fed. R. Civ. P. 4(l).

service be made within a specified time."[29]  Here, the court finds it appropriate to order service be made within a specified time.  To that end, the court hereby orders Plaintiff to serve Defendants within sixty (60) days of this Order.  Failure to timely serve Defendants may result in the court dismissing Plaintiff's case without prejudice.  Plaintiff is reminded that such service must comply with the requirements of Rule 4.

**CONCLUSION**

For the reasons stated above, the court MODIFIES the Report[30] and ORDERS as follows:

1. Plaintiff is ordered to serve Defendants within sixty (60) days of this Order; and

2. Failure to timely serve Defendants may result in the court dismissing Plaintiff's case without prejudice.

**SO ORDERED** this 14th day of August 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[29] Rule 4(m) further provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Plaintiff has not shown good cause for the failure to timely serve Defendants.

[30] Dkt. 9.