IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HOWARD D. TRAVIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00739-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2]

## BACKGROUND

Pro se Plaintiff Howard D. Travis ("Mr. Travis") initiated this action on October 4, 2019, nearly a year and one half ago.[3] Although not entirely clear, Mr. Travis's complaint appears to request some sort of redress for the actions of the Internal Revenue Service ("IRS") and some of its employees. The complaint names as Defendants the United States of America ("United States"), Suzy Taylor ("Ms. Taylor"), and Steve Dyson ("Mr. Dyson") (collectively,

---

[1] ECF No. 2.

[2] ECF No. 8.

[3] ECF No. 1.

"Defendants"). Based upon the court's liberal reading of Mr. Travis's complaint, it appears that Ms. Taylor and Mr. Dyson are or were IRS employees.

After filing his complaint, Mr. Travis failed to file proof of service to indicate that he had served a summons and the complaint on each of the Defendants within 90 days, as required by Fed. R. Civ. P. 4(*l*) and 4(m). Accordingly, the court issued an Order to Show Cause on April 22, 2020[4] requiring Mr. Travis to show cause why this action should not be dismissed under Fed. R. Civ. P. 4(m)[5] and DUCivR 41-2.[6] Mr. Travis was ordered to file a response to the Order to Show Cause on or before May 22, 2020 to inform the court of the status of this action and his intentions to proceed. Mr. Travis was warned that his failure to do so could result in dismissal of this action.[7]

On May 21, 2020, Mr. Travis filed a document entitled, "Motion to Show Cause."[8] Mr. Travis included various arguments and requests in that filing but failed to provide any explanation concerning his failure to timely serve a summons and the complaint on Defendants.

---

[4] ECF No. 6.

[5] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.")

[6] DUCivR 41-2 ("The court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution.").

[7] Fed. R. Civ. P. 4(m); DUCivR 41-2 ("If good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper.").

[8] ECF No. 7.

Therefore, this court issued a Report and Recommendation on June 3, 2020 recommending that this action be dismissed without prejudice based upon Mr. Travis's failures: (1) to serve Defendants in a timely fashion and to demonstrate good cause for that failure; and (2) to prosecute this action.[9]

On June 15, 2020, Mr. Travis filed an objection to the Report and Recommendation, which he claimed provided proof of service of a summons and the complaint on Defendants.[10] After considering that objection, Chief Judge Shelby issued a Memorandum Decision and Order on August 14, 2020 in which he modified the Report and Recommendation.[11] Chief Judge Shelby concluded that Mr. Travis had not served Defendants in compliance with Fed. R. Civ. P. 4, but rather than dismissing this action without prejudice under Fed. R. Civ. P. 4(m), Chief Judge Shelby provided Mr. Travis with a specified time (i.e., 60 days, or until October 13, 2020) to effect proper service on Defendants. Chief Judge Shelby warned Mr. Travis that his failure to properly and timely serve Defendants could result in dismissal of this action without prejudice. Importantly, Chief Judge Shelby's extension of the service period provided Mr. Travis with over a full year from the date this case was filed to complete proper service on Defendants.

---

[9] ECF No. 9.

[10] ECF No. 10.

[11] ECF No. 11.

On September 18, 2020, the court issued summonses to Mr. Travis for Ms. Taylor and Mr. Dyson.[12] The docket does not show that the court ever issued a summons to Mr. Travis for the United States.

On October 20, 2020, Mr. Travis filed "Proof of Service" for the United States, notwithstanding the fact that the court had not issued a summons for the United States.[13] That "Proof of Service" indicates that Mr. Travis served the Civil Process Clerk for the United States Attorney for the District of Utah on October 13, 2020. Also on October 20, 2020, Mr. Travis filed "Proof of Service" for Mr. Dyson, which indicated that Mr. Dyson had not been served.[14] On November 2, 2020, Mr. Travis filed an "Affidavit of Non-Service" for Ms. Taylor, which indicated that Ms. Taylor had not been served.[15]

Over three weeks after the October 13, 2020 service deadline set by Chief Judge Shelby, on November 5, 2020, Mr. Travis moved for a 30-day extension of time to effect service on Defendants.[16] The court granted that motion on November 12, 2020 and provided Mr. Travis with an additional 30 days (i.e., until December 12, 2020) to properly serve Defendants.[17]

---

[12] ECF Nos. 13, 14.

[13] ECF No. 16.

[14] ECF No. 17.

[15] ECF No. 18.

[16] ECF No. 19.

[17] ECF No. 20.

On November 20, 2020, Mr. Travis returned an executed summons for Ms. Taylor.[18] That filing indicated that Ms. Taylor was served on October 9, 2020.

On December 8, 2020, Defendants moved for an extension of time to file their responses to Mr. Travis's complaint.[19]  In their motion, Defendants correctly noted that the court had issued summonses to Mr. Travis for only Ms. Taylor and Mr. Dyson.  The court granted Defendants' motion on December 15, 2020 and set the deadline for Defendants' responses to the complaint for 60 days from the date upon which Mr. Travis completed proper service on all Defendants.[20]

On January 26, 2021, after Mr. Travis still failed to file proof of service for all Defendants, this court issued a second Order to Show Cause that directed Mr. Travis to show cause why this case should not be dismissed for lack of prosecution.[21]  The court noted that: (1) Mr. Travis's most recent service deadline of December 12, 2020 had expired; (2) Mr. Travis had not provided proof of proper service for all Defendants as required by Fed. R. Civ. P. 4(*l*); and (3) although Mr. Travis had filed proof of service for Ms. Taylor, he had not filed any proof of service for Mr. Dyson or filed proof of service indicating proper service on the United States under Fed. R. Civ. P. 4(i).  Mr. Travis was ordered to file a response to the Order to Show Cause on or before February 15, 2021 to inform the court of the status of this action and his intentions

---

[18] ECF No. 21.

[19] ECF No. 22.

[20] ECF No. 23.

[21] ECF No. 24.

to proceed. Mr. Travis was warned that his failure to respond could result in dismissal of this action.

On February 15, 2021, Mr. Travis filed an "Affidavit of Service," which indicated that "Richard E. Zuckerman as Principal Deputy Attorney General of the U.S. Department of Justice" had been served by certified mail.[22] Again, however, the court has never issued a summons for the United States. The following day, Mr. Travis filed a "Motion to Show Cause," which only references certain attached documents that the Internal Revenue Service issued to him relating to the levy or seizure of certain real property and indicates that Mr. Dyson "is no longer a party" to this action "and is dismissed."[23]

## **ANALYSIS**

Based upon the following analysis, the court concludes that Mr. Travis failed to properly and timely serve Defendants within the long-extended service period with which he was provided and, therefore, failed to prosecute this action. Accordingly, the court recommends that this action be dismissed without prejudice. Based upon that recommendation, the court also recommends that Mr. Travis's "Motion to Show Cause" be deemed moot.

Mr. Travis failed to properly and timely serve the United States. Therefore, any of his efforts to serve Ms. Taylor and Mr. Dyson cannot be effective. Under Fed. R. Civ. P. 4(c), "[a] summons must be served with a copy of the complaint."[24] Further, Fed. R. Civ. P. 4(i) provides

---

[22] ECF No. 25.

[23] ECF No. 26.

[24] Fed. R. Civ. P. 4(c)(1).

that to properly serve the United States, Mr. Travis was required to file proof of service indicating that he: (1) either delivered "a copy of *the summons* and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk,"[25] or sent "a copy of *each* by registered or certified mail to the civil-process clerk at the United States attorney's office";[26] and (2) sent "a copy of *each* by registered or certified mail to the Attorney General of the United States at Washington, D.C."[27]  As demonstrated by the background recited above, Mr. Travis has never obtained a court-issued summons for the United States.  Thus, any of his purported efforts to serve the complaint on the United States are of no effect because any such service did not include a summons.  Additionally, because Mr. Travis failed to properly and timely serve the United States, it must follow that he failed to properly and timely serve Ms. Taylor and Mr. Dyson.  To properly serve Ms. Taylor and Mr. Dyson in either their official capacities as United States employees or in their individual capacities, Mr. Travis was required to serve them *and* the United States.[28]  Given that Mr. Travis has not made proper and timely service on the United States, any of his efforts to serve Ms. Taylor and Mr. Dyson are also of no effect.  Therefore, despite having a full year to do so, Mr.

---

[25] Fed. R. Civ. P. 4(i)(1)(A)(i) (emphasis added).

[26] Fed. R. Civ. P. 4(i)(1)(A)(ii) (emphasis added).

[27] Fed. R. Civ. P. 4(i)(1)(B) (emphasis added).

[28] Fed. R. Civ. P. 4(i)(2)-(3).

Travis has still failed to properly and timely serve Defendants and, as such, failed to prosecute this action. Thus, this action should be dismissed without prejudice.[29]

Considering that conclusion, Mr. Travis's "Motion to Show Cause" should be deemed moot. The only portion of that filing that could be construed as requesting court action is Mr. Travis's indication that "Steve Dyson is no longer a party" to this action "and is dismissed."[30] Because the court recommends that this action be dismissed without prejudice as to all Defendants, Mr. Travis's "motion" should be considered moot.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1. This action be DISMISSED WITHOUT PREJUDICE based upon Mr. Travis's continued failures to properly and timely serve Defendants and prosecute this action.

2. Mr. Travis's "Motion to Show Cause"[31] be deemed MOOT.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[32] The parties must file any objection to this Report and

---

[29] Fed. R. Civ. P. 4(m); DUCivR 41-2.

[30] ECF No. 26.

[31] *Id*.

[32] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Recommendation within 14 days after being served with a copy of it.[33] Failure to object may constitute waiver of objections upon subsequent review.

DATED March 17, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[33] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).