IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HOWARD D. TRAVIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | **ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE**<br><br>Case No. 2:19-cv-00739-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

On October 4, 2019, pro se Plaintiff Howard Travis filed this action against the United States of America, Suzy Taylor, and Steve Dyson (Defendants) seeking a judicial determination that Travis is not subject to the United States' internal-revenue laws.[1] The undersigned referred this case to then-Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Upon Judge Warner's retirement, the case was reassigned to Magistrate Judge Jared C. Bennett.[3]

In April 2020, this court ordered Travis to show cause why the action should not be dismissed for failure to effect service on Defendants and failure to prosecute.[4] Travis responded by filing a Motion to Show Cause purporting to request certain documents from Defendants.[5] Travis did not address the issues identified in the Order to Show Cause.

On June 3, 2020, Judge Bennett issued a Report and Recommendation, recommending

---

[1] *See* Dkt. 1.

[2] Dkt. 2.

[3] Dkt.8.

[4] Dkt. 6.

[5] *See* Dkt. 7.

this action be dismissed without prejudice based on Travis's failure to serve Defendants or demonstrate good cause for that failure, and failure to prosecute.[6] Travis timely filed an Objection to the Report.[7]

On August 14, 2020, the undersigned modified the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b)(3) and ordered Travis to serve Defendants within sixty (60) days, or by October 13, 2020.[8] The undersigned also notified him that failure to timely serve Defendants may result in dismissing his case without prejudice.[9]

Travis then filed a Motion for Extension of time seeking an additional thirty days to effect service, which the court later granted.[10] With the thirty-day extension, Travis was required to effect service on all Defendants by December 12, 2020.

On December 15, 2020, Defendants filed a Motion for Extension of Time to Answer or Otherwise Respond.[11] The court granted the motion and ordered Defendants to answer or otherwise respond "60 days after the date upon which service of the Complaint and Summons has been completed on all Defendants."[12]

On January 26, 2021, the court ordered Travis to show cause why the action should not be dismissed for failure to prosecute.[13] The Order noted that the deadline for service, December 12, 2020, had passed and Travis had "not filed any proof of service for Dyson or filed proof of

---

[6] Dkt. 9 at 2–3.

[7] Dkt. 10.

[8] Dkt. 11.

[9] *Id.* at 5.

[10] Dkt. 20.

[11] Dkt. 22.

[12] Dkt. 23.

[13] Dkt. 24.

service indicating that he has properly served the United States of America under Fed. R. Civ. P. 4(i)."[14]  Travis was ordered to respond by February 15, 2021, and the court notified him that failure to do so may result in dismissal of the action.[15]

On February 15, 2021, Travis filed an Affidavit of Service indicating the United States was served on February 11, 2021.[16]  The next day, he filed a Motion to Show Cause which attached a Release of Levy, Receipt for Property Returned, and Notice of Seizure.[17]  The Motion also indicated "Defendant Steve Dyson is no longer a party to this Complaint and is dismissed."[18]  However, Travis did not respond to the issues in the Order to Show Cause for failure to prosecute.

Judge Bennett then issued a second Report and Recommendation, recommending the action be dismissed without prejudice.[19]  Judge Bennett concluded Travis "failed to properly and timely serve Defendants within the long-extended service period with which he was provided and, therefore, failed to prosecute this action."[20]  Judge Bennett further recommended Travis's Motion to Show Cause be denied as moot.[21]  The Report and Recommendation notified the parties that any objection must be filed within fourteen (14) days after being served a copy of it and failure to object may constitute waiver of objections.[22]

Seventy days have passed since Judge Bennett issued his Report and Recommendation,

---

[14] Dkt. 24 at 2.

[15] *Id.*

[16] Dkt. 25.

[17] *See* Dkt. 26.

[18] *Id.* at 3.

[19] Dkt. 27.

[20] *Id.* at 6.

[21] *Id.* at 8.

[22] *Id.* at 8–9.

3

and no party has filed any objection to it.[23]

The Supreme Court has suggested further review by the district court is neither required nor precluded, where a litigant does not object to a magistrate judge's report and recommendation.[24] This court reviews the unobjected Report and Recommendation for clear error.[25] Having reviewed the Report and Recommendation, the court finds no clear error in any of Judge Bennett's conclusions. Accordingly, the court ADOPTS the Report and Recommendation in full, DISMISSES the action without prejudice for failure to prosecute, and DENIES the Motion to Show Cause[26] as moot.

The Clerk of Court is directed to close this case.

**SO ORDERED** this 26th day of May 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[23] On April 13, 2021, nearly a month after the Report and Recommendation issued, Travis filed a Notice of Appeal for review of the Report and Recommendation. Dkt. 28. The Tenth Circuit dismissed the appeal for lack of prosecution after Travis did not respond to the Circuit court's Order to Show Cause why the appeal should not be dismissed for lack of jurisdiction. Dkt. 31; Dkt. 32.

[24] See Thomas v. Arn, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); id. at 154 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

[25] See, e.g., Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); see also Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing Campbell v. U.S. Dist. Court for N. Dist. of Cal., 501 F.2d 196, 206 (9th Cir. 1974), cert. denied, 419 U.S. 879).

[26] Dkt. 26.